## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION


CAPITAL CITY INSURANCE COMPANY                                      PLAINTIFF

vs.                                                     Civil Action No. 3:05-cv-384 HTW-LRA

DARRAL BELL and LATASHA HURST,
Individually and as Administratrix of the
Estate of Lecedrick Hurst; Diondrick Hurst
and Lecedric Hurst, Minors, By and Through
Their Parent and Natural Guardian, Latasha
Hurst                                                               DEFENDANTS


## MEMORANDUM OPINION AND ORDER

Before this court are the following:  the motion of the plaintiff Capital City

Insurance Company for summary judgment under Rule 56(a)[1] and (c)[2] of the Federal

Rules of Civil Procedure [**Docket No. 78**];  the motion of defendant Latasha Hurst to set

aside default [**Docket No. 69**];  Latasha Hurst's motion to review the Magistrate Judge's

---

[1]Federal Rule of Civil Procedure 56(a) reads as follows: "A party seeking to recover
upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time
after the expiration of 20 days from the commencement of the action or after service of a
motion for summary judgment by the adverse party, move with or without supporting affidavits
for a summary judgment in the party's favor upon all or any part thereof."

[2]Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the
following: "The judgment sought shall be rendered forthwith if the pleadings, depositions,
answers to interrogatories, and admissions on file, together with the affidavits, if any, show that
there is no genuine issue as to any material fact and that the moving party is entitled to a
judgment as a matter of law."

Order permitting Capital City Insurance Company's motion for summary judgment beyond the scheduling order deadline as well as denying Latasha Hurst's motion to add parties [**Docket No**. **82**]; and the motion of Capital City Insurance Company to strike Latasha Hurst's response to Capital City's motion for summary judgment [**Docket No. 91**].

Capital City Insurance Company, the plaintiff in this cause, whose principal place of business is in Columbia, South Carolina, brought this lawsuit for declaratory relief under Title 28 U.S.C. §§ 2201 and 2202.[3] The defendants named in this declaratory judgment action: Darral Bell; Latasha Hurst, individually and as Administratrix of the Estate of Lecedrick Hurst; and Diondrick Hurst and Lecedric Hurst, Minors, By and Through Their Parent and Natural Guardian, Latasha Hurst, are all residents of the State of Mississippi. Darral Bell, as a defendant, and the Hursts, as plaintiffs, are presently locked in a civil dispute in a state court wrongful death action in Amite County, Mississippi. This state court action was brought by Latasha Hurst and her children against Darral Bell, and also against Wesley Zion, Charles Stutzman and Pinewood

---

[3]Title 28 U.S.C. § 2201 provides in pertinent part that, "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

Title 28 U.S.C. § 2202 provides that, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

Logging, Inc. The plaintiff in the instant case, Capital City Insurance Company, is not a party to that state court action.

Capital City Insurance Company filed this lawsuit in this federal court pursuant to Title 28 U.S.C. § 1332,[4] claiming that the parties are diverse and that this lawsuit features the requisite amount in controversy. This contention is unchallenged and no one disputes that this court has subject matter jurisdiction over this litigation.

The focus of this federal lawsuit is a contract of insurance, a commercial automobile policy issued by Capital City to Pinewood Logging, Inc., Policy No. 01-CA-040987-07/000. Capital City's complaint seeks a declaration from this court of its rights and obligations under the terms and exclusions of this policy. Capital City asserts that it owes no coverage under an issued insurance policy to Pinewood Logging for Darral Bell's actions which caused the death of Lecedrick Hurst. At the time of the incident, Bell was driving a Pinewood Logging vehicle that was insured under the policy. Now, Capital City has moved for summary judgment. The defendant Latasha Hurst opposes the motion and has filed motions of her own. The defendant Darral Bell has not answered Capital City's complaint, nor has he responded in any other manner.

### The Motions of Defendant Latasha Hurst

Defendant Latasha Hurst moves the court to set aside an entry of default obtained by Capital City against Darral Bell and to review the Magistrate Judge's Order which enlarged Capital City's allotted time to file its motion for summary judgment.

---

[4]Title 28 U.S.C. § 1332 provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ..."

Latasha Hurst further challenges the Magistrate Judge's refusal to allow her to add parties. This court finds these motions not well taken and they are denied.

The defendant Darral Bell has never responded to the plaintiff's complaint nor participated in any other manner in this case. At the request of Capital City, this court entered an entry of default against Darral Bell. Capital City now has moved for default judgment against Bell. Latasha Hurst wants Darral Bell to remain in this litigation as a defendant; yet, she cannot speak for him and provide excuses for his disinterest in defending this lawsuit. Since none of her arguments persuade the court to set aside the entry of default, this court denies her motion.

The Magistrate Judge permitted Capital City to file a motion for summary judgment outside the deadline established by the last scheduling order. Title 28 U.S.C. § 636(b)(1)(A) permits this court to reconsider any pretrial matter where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Upon applying this "clearly erroneous" standard, this court must affirm the decision of the Magistrate Judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the Magistrate Judge made a mistake. *Moody v. Callon Petroleum Operating Co.*, 37 F.Supp.2d 805, 807 (E.D.La. 1999). This court concludes that the Magistrate Judge exercised her sound discretion to permit the late filing. Given the circumstances of this case with its other motions and delays, the Magistrate Judge did not act in a manner which was clearly erroneous or contrary to law.

Finally, as for the matter of adding parties, the Magistrate Judge determined that the motion was untimely, given the completion of discovery and the looming motion for summary judgment. Furthermore, the parties Latasha Hurst sought to add, namely

Darral Bell, Charles Stutzman, Mike Daughdrill, Wesley Zion, and Pinewood Logging,

Inc., are not indispensable to the determination of the insurance issues now before this

court. Hurst submits that these persons or entities are necessary because each was

intricately connected to the vehicular accident which is the subject of the policy in

question. Plaintiff claims that Darral Bell was driving the vehicle which caused the

accident. The vehicle was registered to Wesley Zion and owned by Charles Stutzman

and Pinewood Logging Inc. Pinewood Logging held the policy in question, which was

issued by Capital City. Mike Daughdrill is a co-owner of Pinewood Logging.

Rule 19(a)[5] of the Federal Rules of Civil Procedure provides for the joinder of all

parties whose presence in a lawsuit is required for the fair and complete resolution of

the dispute at issue. *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003).

A defendant in this circumstance has the burden of proving that the absent party either

is necessary or that the absent party has expressed an interest in the litigation which it

would desire to defend. Hurst's motion simply does not meet this burden.

Therefore, the motions of Latasha Hurst to set aside default [**Docket No. 69**] and

the motion to review the Magistrate Judge's Order permitting a motion for summary

judgment beyond the scheduling order deadline, as well as denying Latasha Hurst's

---

[5]Rule 19(a) of the Federal Rules of Civil Procedure provides that (1), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

motion to add parties [**Docket No**. **82**], are all denied.

## The Motion of Capital City Insurance for Summary Judgment

The remaining motion before the court is the motion for summary judgment filed by Capital City. A summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Evans v. City of Marlin, Texas*, 986 F.2d 104 (5th Cir.1993). So, then, pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is mandated in any case where either a party fails to establish the existence of an element essential to the case and on which that party has the burden of proof, *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), or if the evidence favoring the non-moving party is insufficient for a jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In reviewing the propriety of summary judgment, this court must look to the pleadings, depositions, admissions and answers to interrogatories, as well as affidavits to determine whether a genuine issue of material fact exists. *Evans*, 986 F.2d at 107. When the moving party has carried the Rule 56(c) burden, the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To that end, the court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v.Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir.1982).

**The Pertinent Facts**

On the afternoon of October 30, 2004, Darral Bell and Lecedrick Hurst quarreled. Darral Bell angrily left the scene of the altercation, driving a Ford F-350 pickup truck on Perry Road in Gloster, Amite County, Mississippi. Lecedrick Hurst pursued, driving a Yamaha all terrain vehicle (ATV). Hurst attempted to overtake Bell. Bell, though, intentionally drove in the middle of the road, attempting to keep the ATV behind and from coming alongside. Lecedrick Hurst tried nevertheless, but to tragic consequences, the ATV left the road and rolled over. Lecedrick Hurst suffered severe injuries which proved to be fatal.

On March 9, 2005, after a period of investigation, a Grand Jury empaneled in Amite County, Mississippi, returned an indictment charging Darral Bell with the murder of Lecedrick Hurst. The indictment states that Bell "did willfully, unlawfully, feloniously and with deliberate design kill and murder one Lecedrick Hurst, a human being."

On April 4, 2005, Latasha Hurst, individually and on behalf of her minor children and the Estate of Lecedrick Hurst, filed the underlying wrongful death lawsuit against Darral Bell, Wesley Zion, Charles Stutzman, and Pinewood Logging, Inc., Cause No. 05-cv-06J. This complaint, in several paragraphs, charges Darral Bell with negligently causing the death of Lecedrick Hurst while driving his employer's Ford F-350 pickup truck. The complaint asserts that the pickup truck was owned either by Wesley Zion, individually, or by Wesley Zion and Charles Stutzman who were doing business as Pinewood Logging, Inc. The state court complaint charges Zion and Stutzman with negligent entrustment of the Ford F-350 pickup truck to Darral Bell, who was an employee of Pinewood Logging, Inc., at the time of the altercation between Darral Bell

and Lecedrick Hurst. These issues are before the state court.

On June 22, 2005, Capital City, which is not a party in the state court action, filed the instant declaratory judgment action in this federal court, seeking to have its rights and obligations determined under a contract of insurance issued by Capital City to Pinewood Logging, Inc., Policy No. 01-CA-040987-07/000. The named insured under that policy is Pinewood Logging, Inc. The only named insured driver is one Joseph W. Baxter. The Ford F-350 pickup truck driven by Darral Bell on the day of his altercation with Lecedrick Hurst is listed as a vehicle covered by the Capital City policy.

Among the assertions made by Capital City is that the policy is an accident policy which offers no coverage for "expected or intended" injury and that the incident in question was not an "accident" under the terms of the insuring agreement; that Darral Bell was not an "insured" under the liability coverage of the policy; and that the actions of Darral Bell on the evening of October 30, 2004, were not within the scope of his employment.

Darral Bell was indicted for the murder of Lecedrick Hurst. Bell was convicted of manslaughter in the Circuit Court of Amite County, Mississippi, on May 18, 2006, and this conviction was affirmed by the Mississippi State Supreme Court. *Bell v. State*, 963 So.2d 1124 (Miss. 2007).

**The Matter of Intentional Conduct**

Capital City's motion for summary judgment argues that the defendant Bell's actions, which caused Lecedrick Hurst's death, were intended, not accidental. Capital City notes that the subject policy of insurance which covers Pinewood Logging Company only provides coverage for damages "caused by an accident" and specifically

excludes those injuries "expected or intended."

Capital City contends that Bell's intent on the day in question was adjudicated in the subsequent criminal lawsuit. Consequently, says Capital City, the defendants are estopped from relitigating the issue of Bell's intent in the instant case. *See New Hampshire v. Vardaman*, 838 F.Supp. 1132 (N.D. Miss. 1993). Furthermore, says Capital City, under Mississippi law the term "accident" refers to the insured's action or conduct, and not to whatever unintended damages flowed from that act." *Allstate Ins. Co. v. Moulton*, 464 So.2d 507, 509-510 (Miss. 1985).

In *Bell v. State*, the Mississippi Supreme Court was confronted with a challenge to an alleged voluntary statement made by Bell to police officers. In Bell's voluntary statement, he admitted that he was driving in the middle of the road to prevent Hurst's ATV from passing him. Bell's statement was published to the jury without objection from the defense. The Mississippi Supreme Court affirmed the admissibility of Bell's statement, stating that "... Bell's voluntary statement that he was driving in the middle of the road was part of 'the story of the crime,' explaining the events resulting in the death of Hurst."

In the instant case, this court finds Capital City's argument both persuasive and dispositive. Bell was not an insured under the policy. Further, even though Pinewood Logging Company insured the vehicle in question, Bell is not covered by such. Bell was engaging in willful, purposeful conduct when he drove in the middle of the road in order to keep Hurst from passing him. *See Allstate v. Moulton*, at 509-10. The outcome of his behavior, though tragic and perhaps not envisioned, is inconsequential to the

9

question of "intentional conduct." At the time of the accident, Bell's mode of operating his vehicle in the manner which claimed the life of Lecedrick Hurst was intentional within the scope of the instant insurance policy and, thus, not covered by the terms of the policy.

## Conclusion

This court concludes that Capital City has no obligation to provide a defense or indemnity under the contract of insurance issued to Pinewood Logging, Inc., Policy No. 01-CA-040987-07/000, for the actions of Darral Bell on October 30, 2004, since that policy offers no coverage for injury caused by conduct that was intentional and not accidental.

This court hereby grants summary judgment for Capital City Insurance Company on its request for a declaratory determination [**Docket No. 78**]. Capital City Insurance Company's motion to strike Hurst's response to its motion for summary judgment [**Docket No. 91**], however, is denied.

**SO ORDERED AND ADJUDGED** this the 25th day of February, 2010.

> **s/ HENRY T. WINGATE**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**

Civil Action No. 3:05-cv-384 HTW-LRA
Memorandum Opinion and Order